UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLEN WALBURN,

                    Plaintiff,

vs.                                    Case No. 2:04-cv-194-FtM-33DNF

CITY OF NAPLES, FLORIDA, a
political subdivision of the
State of Florida,

                    Defendant.
_____/

**ORDER**

     This matter comes before the Court on Plaintiff's Motion for
Supersedeas (Doc. # 130), filed on October 18, 2005.  Defendant
filed its Opposition to Stay of Order and Judgment on October 20,
2005. (Doc. # 131).

     Plaintiff requests that this Court stay pending appeal its
Order of September 22, 2005 (Doc. # 124) and judgment against
Plaintiff of September 23, 2005 (Doc. # 125), which, inter alia,
granted summary judgment in favor of Defendant and required
Plaintiff to vacate the disputed premises.  Plaintiff filed a
notice of appeal of this action on October 18, 2005. (Doc. # 129).

     Plaintiff asserts his motion pursuant to Federal Rule of Civil
Procedure 62.  However, Plaintiff has failed to specify the section
of Rule 62 under which he seeks relief.  Defendant notes that
Plaintiff likely moves for a stay under Federal Rule of Civil
Procedure 62(d), which states:

     Stay on Appeal.  When an appeal is taken the appellant by

giving a supersedeas bond may obtain a stay subject to
the exceptions contained in subdivision (a) of this rule.
The bond may be given at or after the time of filing the
notice of appeal or of procuring the order allowing the
appeal, as the case may be.  The stay is effective when
the supersedeas bond is approved by the court.

Generally, Rule 62(d) applies to allow an appellant to stay a

money judgment as a matter of right so long as the appellant files

a supersedeas bond.  United States v. Wylie, 730 F.2d 1401, 1402

(11th Cir. 1984).  As noted in Bellsouth Telecommunications, Inc.

v. ITC Deltacom Communications, Inc., 190 F.R.D. 693, 695 (M.D.

Ala. 1999):

> [T]he underlying purpose of Rule 62 is to protect the
> interests of the judgment creditor who is being stayed
> from execution pending the outcome of the appeal.  The
> posting of a supersedeas bond preserves the status quo
> while protecting the non-appealing party's rights pending
> appeal.  Courts have restricted the application of Rule
> 62(d)'s automatic stay to judgments for money because a
> bond may not adequately compensate a non-appealing party
> for loss incurred as a result of the stay of a non-money
> judgment.

(Internal citations omitted).

In the present case, Plaintiff Walburn appeals a non-monetary

judgment.  Specifically, Plaintiff appeals the portion of the order

and  judgment  that  requires  Plaintiff  to  vacate  the  disputed

premises.   In  the  case  of  a  non-monetary  judgments,  courts

determine whether a stay is appropriate under Federal Rule of Civil

Procedure 62(d) upon considering the following four factors:

> (1) whether the stay applicant has made a strong showing
> that he is likely to succeed on the merits; (2) whether
> the applicant will be irreparably injured absent a stay;
> (3) whether  the  issuance  of  a  stay  will  substantially

injure the other parties interested in the proceeding; and (4) where the public interest lies.

Venus Lines Agency v. CVG Industria Venezolana de Aluminio, C.A., 210 F.3d 1309, 1313 (11th Cir. 2000)(quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

Plaintiff has failed to formulate arguments for each of the elements enumerated above and has failed to cite a single case in his motion.

**A.   Likelihood of Success on Appeal**

Plaintiff has failed to assert that he will likely succeed on the merits on appeal.  This Court agrees with the Defendant that Plaintiff will likely not succeed on appeal.  Accordingly, the Court's consideration of this factor militates against Plaintiff obtaining a stay of the non-monetary judgment.

**B.   Irreparable Injury**

Plaintiff argues that he will be irreparably injured absent a stay because "over the decades [he] has built a substantial following of clients who identify his business with the location where it has been operating  for . . . twenty-eight years." (Doc. # 130 at 1).  In addition, Plaintiff asserts, "The order being appealed evicts Plaintiff from his place of business, and immediate enforcement of the judgment will render his appeal meaningless because it would result in a loss of business which can never be recovered." (Doc. # 130 at 1-2).  However, as Defendant correctly

notes, Plaintiff's argument is conclusory.   Although Defendant
argues that Plaintiff may relocate his business, this Court agrees
with Plaintiff that relocation will likely cause some damage to
Plaintiff's business.   Plaintiff, however, has failed to persuade
this Court that the injury he faces rises to the level of being an
irreparable injury.   The Supreme Court has commented that "Mere
injuries, however substantial, in terms of money, time and energy
necessarily expended in the absence of a stay, are not enough."
Sampson v. Murray, 415 U.S. 61, 90 (1974).   Accordingly, the
Court's consideration of this factor militates against entering a
stay as requested by Plaintiff.

**C.   Whether Other Parties will be Injured**

Plaintiff's motion states that Plaintiff is ready, willing,
and able to post a bond "in the amount of the additional rents
which Defendant otherwise could collect if the slip is rented to
another tenant" to insure no loss to Defendant if, in fact, this
Court's summary judgment order is affirmed. (Doc. # 130 at 2).

Plaintiff's willingness to post a bond, however, does not
fully prevent harm to the other party in this case–the City.   As
stated by Defendant, "The City of Naples has an interest in
allowing all citizens an equal opportunity to lease City property
including dock slips at the City Dock." (Doc. # 131 at 3).   The
Court agrees that the City's interests cannot be fully protected by
the bond Plaintiff is willing to post, because the City is not a

4

simple landlord whose sole interest is the collection of rent.  The City's interest in offering the dock slip in question to other citizens outweighs Plaintiff's speculative and unsupported assertion that he is entitled to remain at the dock.  Thus, this Court's consideration of this factor militates against granting a stay pending appeal.

D.    **Interests of the Public**

Plaintiff makes no specific argument concerning the interest of the public; Plaintiff simply states that no harm will be done to the public interest by granting the requested stay.  Defendant, on the other hand, asserts the convincing argument that the interests of the public are served when each citizen is entitled to an opportunity to compete for a lease of the limited dock slips owned by the City.  This Court strongly agrees with the City's argument that "[t]o the extent that Mr. Walburn is able to stay longer than his lease term . . . other members of the public at large are denied the use of that slip, and the City and its taxpayers, are deprived of fair rental of the slip and fair treatment for all of its citizens." (Doc. # 131 at 4).  In addition, the City has attached the affidavit of David Lykins, the Community Services Director for the City of Naples, which states in pertinent part that there is a waiting list of approximately 26 persons who desire to rent dock slips from the City of Naples and that some of theses individuals have been on the waiting list since 2000. (Doc. # 131

5

at 2).   Accordingly,  this  Court's  consideration  of  this  final

factor militates against granting the requested stay.

     After review of the relevant factors in this case, the Court

finds that Plaintiff's Motion for Supersedeas (Doc. # 130) should

be denied.

     Accordingly, it is now

     **ORDERED ADJUDGED and DECREED:**

 (1) Plaintiff's Motion for Supersedeas (Doc. # 130) is **DENIED.**

     **DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 26th

day of October, 2005.

                               VIRGINIA M. HERNANDEZ COVINGTON
                                 UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record